IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DENISE ACOSTA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CIVIL ACTION FILE NO. |
| CREDIT CONTROL SERVICES, | : |
| INC., d/b/a Credit Collection Services, a | : _____ |
| Massachusetts corporation, | : |
| | : |
| REAL TIME RESOLUTIONS, INC., | : |
| a Texas corporation, | : |
| | : |
| FIVE 9, INC., a Delaware corporation, | : |
| and | : |
| | : |
| GRADY MEMORIAL HOSPITAL | : |
| CORPORATION, a Georgia corporation, | : |
| | : |
| Defendants. | : |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendants for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the regulations proscribed thereunder, 47 C.F.R. § 64.1200.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff DENISE ACOSTA is a resident of this State and is authorized by law to bring this action.

4. Defendant CREDIT CONTROL SERVICES, INC. is a corporation organized under the laws of the Commonwealth of Massachusetts. [Hereinafter said defendant is referred to as "CCS"].

5. CCS may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, GA 30361.

6. Defendant REAL TIME RESOLUTIONS, INC. is a corporation organized under the laws of the State of Texas. [Hereinafter said defendant is referred to as "RTR"].

7. RTR may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, GA 30361.

8. Defendant FIVE 9, INC. is a corporation organized under the laws of the State of Delaware. [Hereinafter said defendant is referred to as "FIVE9"].

9. FIVE9 may be served by personal service upon its registered agent in the State of Delaware, to wit: Incorporating Services, Ltd., 3500 S Dupont Hwy, Dover, DE 19901.

10. Defendant GRADY MEMORIAL HOSPITAL CORPORATION is a corporation organized under the laws of the State of Georgia. [Hereinafter said defendant is referred to as "GRADY"].

11. GRADY may be served by personal service upon its registered agent in the State of Georgia, to wit: Timothy Jefferson, 80 Jesse Hill Jr. Drive, SE, Atlanta, Georgia 30303.

12. Defendants transact business in this state and district.

13. Defendants' transactions in this state and district give rise to Plaintiff's causes of action.

14. Defendants are subject to the jurisdiction and venue of this Court.

15. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

16. Defendants made and/or initiated telephone calls to Plaintiff's cellular telephone number.

17. In some of the telephone calls, Defendants used artificial or prerecorded voices to deliver messages.

18. CCS initiated telephone calls to Plaintiff's cellular telephone number using the Aspect Unified IP software's Outbound Predictive Dialer.

19. RTR employed FIVE9's cloud based Virtual Call Center to initiate telephone calls to Plaintiff's cellular telephone number.

20. FIVE9's virtual call center operates using voice over internet protocol (VOIP) technology wherein FIVE9 provides a hosted virtual call center that RTR can use for predictive dialing campaigns.

21. FIVE9's hosted virtual call center actually initiated the telephone calls to Plaintiff's cellular telephone number at the direction of and on behalf of RTR.

22. The telephone calls initiated by each of the defendants to Plaintiff's cellular telephone number were initiated using software capable of predictive dialing.

23. The telephone calls initiated by each of the defendants to Plaintiff's cellular telephone number were initiated using equipment that dials numbers.

24. Defendants' dialing equipment, in conjunction with their collection software, have the capacity to store telephone numbers and to dial those numbers at random, in sequential order, or from a database of numbers.

25. Defendants' dialing systems have the capacity to dial from a list of telephone numbers without human intervention.

26. Defendants' telephone calls to Plaintiff were initiated using an automatic telephone dialing system.

27. Defendants did not have the prior express consent of Plaintiff to initiate telephone calls to her cellular telephone number using an automatic telephone dialing system.

28. Defendants did not have the prior express consent of Plaintiff to initiate telephone calls to her cellular telephone number using an artificial or prerecorded voice to deliver a message.

29. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

30. The telephone calls to Plaintiff's cellular telephone number which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

31. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

32. It was the intent of the Defendants to initiate the telephone calls to the cellular telephone number at issue.

33. The telephone calls to Plaintiff were an annoying nuisance and invaded the privacy interests that the TCPA was intended to protect.

34. Defendants' telephone calls violate the Telephone Consumer Protection Act.

35. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## TELEPHONE CONSUMER PROTECTION ACT

36. The acts of Defendants constitute violations of the Telephone Consumer Protection Act.

37. Defendants' violations of the TCPA include, but are not limited to, the following:

38. Making and/or initiating telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

39. As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

40. In the event that this Court finds that the Defendants' violations were committed willfully or knowingly, Plaintiff requests an award of statutory damages of $1,500.00 for each such violation.

41. The Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendants to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by: /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax